## Taylor v. Taylor

*Wade K. Newell*, for libellant.

MORROW, J., August 23, 1946.—The libel in this case recites that the present residence and post office address of respondent is Blawnox, Pa. The testimony of libellant shows that respondent was on December 27, 1945, sentenced to imprisonment in the Allegheny County workhouse for a period of one year and eight months. The workhouse is at Blawnox. The sheriff's return reads as follows:

"It appearing after diligent search that the Respondent could not be found in Fayette County and that he resided in Allegheny County, Pa., the Sheriff of Allegheny County was deputized by deputation hereto attached to make service of the same and the within subpœna and copy of the libel was served personally on Elmer R. Taylor, respondent, at Allegheny County Workhouse, Allegheny County, Pa., on March

2nd, 1946, at 2:00 P. M., as appears by affidavit of Sheriff Walter C. Monaghan hereto attached."

The affidavit of the deputy sheriff, William J. Mc-Dowell, states that he served Elmer L. Taylor on March 2, 1946.

The deputation mentioned in the sheriff's return is as follows:

"KNOW ALL MEN BY THESE PRESENTS, That I, JACOB H. ECHARD High Sheriff of the County of Fayette, State of Pennsylvania, do hereby authorize and depute Sheriff of Allegheny County to execute this writ; this deputation being made at the request and wish of the Libellant. Given under my hand and seal this 28th day of February 1946. Jacob H. Echard, Sheriff."

In the case of Koehler v. Koehler, 6 Lehigh 345, it is stated in the court's opinion as follows:

"The subpœna was awarded January 28th, 1915, served personally on the respondent March 1st, 1915; in fact it appears all of the proceedings were had while the respondent was in jail serving a sentence imposed by this Court. The record nowhere shows an order of court allowing the service of the subpœna or other notices on the respondent while in jail. The respondent has not had his day in court.

"Now July 1st, 1915, for the foregoing reason, divorce refused; the libellant, however, is allowed to ask for an alias subpœna in divorce at the next regular term of this court, with other proceedings to follow."

Turning now to the case at bar we find that the order of court awarding a subpœna was dated February 1, 1946, and the subpœna was made returnable the first Monday of March 1946. The record does not show any order of court allowing the service of the subpœna or other notices on respondent while imprisoned in the Allegheny County workhouse. The

affidavit of one Abe Lencher, attached to the master's report, states that he served the master's notice of hearing upon respondent on June 4, 1946, that he made known the contents of said notice to him and handed to him an exact copy thereof.

Respondent did not file an answer to the libel, was not at the master's hearing and was not there represented by counsel.

Under the authority of Koehler v. Koehler, supra, it would seem that application should be made for an alias subpœna. In the case of Campbell v. Campbell, 49 Pa. C. C. 637, where respondent was in the penitentiary, it was held that since the judge who attested the subpœna was the same judge who pronounced the sentence the allowance of the service of the subpœna upon respondent in the penitentiary might be presumed and an order issued nunc pro tunc to correct the record. In that case it was then decreed, inter alia, as follows (p. 638):

"That the libellant forthwith file in this court a certified copy of the order of the court of oyer and terminer of Washington county of this date found at No. 2, November Term, 1919, of that court.

"That the master proceed to a hearing and give notice to Manuel Campbell of the day of hearing, with notice to him of his right to apply to this court for a writ of habeas corpus, to the end that he may be brought before the master to testify if he so desires, this notice to be served on the respondent in the same manner as the subpœna was served."

### Order

And now, August 23, 1946, it is ordered that the record in this case be returned to the files, without prejudice to the right of libellant herein to take further action in accordance with law.